UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| DALLAS CAMPBELL, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | No.: 2:24-CV-180-DCLC-CRW |
| CARTER COUNTY JAIL, | ) |  |
| Defendant. | ) |  |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner housed at the Carter County Jail, filed a (1) complaint under 42 U.S.C. § 1983 [Doc. 2] and (2) motion for leave to proceed *in forma pauperis* [Doc. 1; *see also* Doc. 6]. For the reasons set forth below, the Court **GRANTS** Plaintiff's motion to proceed as a pauper and **DISMISSES** the complaint without prejudice for Plaintiff's failure to (1) state a claim and (2) exhaust his administrative remedies prior to filing suit.

**I.    MOTION TO PROCEED *IN FORMA PAUPERIS***

Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee. *See* 28 U.S.C. § 1915(a). It appears from Plaintiff's motion to proceed *in forma pauperis* [Doc. 1; *see also* Doc. 6] that he lacks the financial resources to pay the filing fee in a lump sum. Accordingly, pursuant to 28 U.S.C. § 1915, this motion [Doc. 1] will be **GRANTED**.

Plaintiff will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 220 West Depot Street, Suite 200, Greeneville, Tennessee 37743 twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee

of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined. The Clerk will also be **DIRECTED** to furnish a copy of this Memorandum and Order to the Court's financial deputy. This Memorandum and Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

II. SCREENING OF COMPLAINT

A. Screening Standard

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim.

*Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681.

B. **Plaintiff's Allegations**

Plaintiff's arms and shoulders are "not working properly[,]" and he believes "something is perhaps dislocated or out of joint" [Doc., 2 p. 3–4]. Plaintiff has "asked several times[,]" but medical staff at the Carter County Jail have told Plaintiff that "it[']s muscle or nerves and that they will not do anything for [him] here" [*Id.* at 4, 5, 6]. Plaintiff has fallen off of his bunk ladder and notified the correctional officers, but "nothing is getting done" [*Id.* at 4]. Plaintiff does not have full use of his arms, and he is in constant pain [*Id.*]. He has also been refused a bottom bunk [*Id.*].

Aggrieved by this perceived "medical negligence[,]" Plaintiff filed the instant suit against the Carter County Jail seeking monetary damages and transfer to a facility closer to his home [*Id.* at 7].

C. **Analysis**

To state a claim under § 1983, Plaintiff must establish that a "person" acting "under color of" state law deprived him of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983.

1. **Carter County**

The sole Defendant in this action is the Carter County Jail. But a jail is a building, not a "person" subject to liability under § 1983. *See, e.g., Cage v. Kent County Corr. Facility*, No. 96-1167, 1997 WL 225647, at *1 (6th Cir. May 1, 1997) ("The district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983."). Therefore, Plaintiff cannot maintain suit against the Carter County Jail.

Carter County, however, is a suable entity. But for Plaintiff to state a claim against Carter County, he must plausibly allege that a custom or policy of the County caused a violation of his constitutional rights. *See Monell Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 708 (1978) (Powell, J., concurring) (explaining a municipality can only be held liable for a constitutional violation when the violation resulted from "implementation of [the municipality's] official policies or established customs"). Plaintiff has not done so. Instead, he complains of medical negligence by the medical staff at the Carter County Jail. Therefore, Plaintiff has failed to state a claim against Carter County itself.

Moreover, "[m]isdiagnoses, negligence, and malpractice" do not establish a constitutional violation. *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997); *see also Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976) (noting "federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law"). Therefore, the Court **DISMISSES** Plaintiff's claims against the Carter County Jail and any liberally construed claims against Carter County.

2. **PLRA Exhaustion**

Additionally, the Court finds this action should be dismissed for Plaintiff's failure to exhaust his available administrative remedies prior to filing this action. The PLRA specifically provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement of the PLRA is one of "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). This means the prisoner plaintiff must complete "the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Id*. at 88. To properly exhaust his claims, a prisoner

4

must utilize every step of the prison's procedure for resolving his grievance and follow the "critical procedural rules" in a manner that allows prisoner officials to review and, where necessary, correct the issues set forth in the grievance "on the merits." *Troche v. Crabtree*, 814 F.3d 795, 798 (6th Cir. 2016) (quoting *Woodford*, 548 U.S. at 81, 95)).

While failure to exhaust administrative remedies is an affirmative defense that "inmates are not required to specially plead or demonstrate . . . in their complaints[,]" a complaint that sets forth allegations which, taken as true, establish that the plaintiff has failed to exhaust his available administrative remedies is subject to dismissal for failure to state a claim upon which relief may be granted. *Jones v. Bock*, 549 U.S. 199, 214–16 (2007); *Barnett v. Laurel Cnty., Ky.,* No. 16-5658, 2017 WL 3402075, at *1–2 (6th Cir. Jan. 30, 2017) (affirming district court's dismissal of the complaint at screening for failure to exhaust where the complaint demonstrated on its face that the plaintiff had failed to pursue available administrative remedies) (citing *Bock*, 549 U.S. at 215 and *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007) ("[A] court can dismiss a case prior to service on defendants for failure to state a claim, predicated on failure to exhaust, if the complaint itself makes clear that the prisoner failed to exhaust.")).

It is apparent from the face of Plaintiff's complaint that the Carter County Jail has a grievance process that Plaintiff did not attempt to utilize prior to filing this action [Doc. 2 p. 2]. And a plaintiff is required to make some effort to exhaust his administrative remedies in accordance with the grievance process, even if he believes his efforts would be futile. *See Napier v. Laurel Cnty. Ky.*, 636 F.3d 218, 223–24 (6th Cir. 2011). And because Plaintiff did not make any attempt to exhaust his administrative remedies through the facility's grievance procedure, this action is subject to dismissal. *See Barnett*, 2017 WL 3402075, at *1–2; *see also Mattox v. Edelman*, 851 F.3d 583, 592–93 (6th Cir. 2017) (noting that "the PLRA's exhaustion requirement is designed to give prison officials a fair opportunity to address a prisoner's claims on the merits

before federal litigation is commenced"); *Johnson v. Burt*, No. 21-2878, 2023 WL 2125744, at *2 (6th Cir. Feb. 15, 2023) ("Exhaustion may not be completed after filing a complaint.") (citations omitted). Accordingly, the Court will also **DISMISS** this action for Plaintiff's failure to exhaust his administrative remedies prior to filing suit.

III. **CONCLUSION**

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. Plaintiff's complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A;

5. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure; and

6. An appropriate Judgment Order will enter.

**SO ORDERED**.

**ENTER:**

s/Clifton L. Corker
United States District Judge